IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BECTON, DICKINSON AND COMPANY   *

v.                              *   CIVIL NO. JFM-00-3607

H. SCOTT LEFKO, et al.          *

\*   \*   \*   oOo   \*   \*   \*

## TEMPORARY RESTRAINING ORDER

This matter came on for hearing before the Court on December 12, 2000, at which time counsel for plaintiff was heard. Having considered the Motion for Temporary Restraining Order of plaintiff and the memorandum in support thereof, and having further determined that there is good cause for the issuance of this Order without notice to defendants, IT IS this 13th day of December, 2000, hereby ORDERED:

(1) That defendants H. Scott Lefko and Margaret A. Lefko and any other person in active concert or participation with them who receive actual notice of this Order, shall be and the same hereby are enjoined from transferring, selling, exchanging, donating, pledging, hypothecating, converting, trading, liquidating, or destroying any assets (including without limitation cash, securities, stock, bonds, municipal bonds, mutual funds, bank accounts, money market accounts, certificates of deposit, and any other

form of real or personal property) in which they have an ownership interest, whether legal or equitable;

(2) That this Order shall become effective at 3:00 p.m, December 13, 2000, and shall remain in effect until 3:00 p.m, December 23rd, 2000, at which time this Order shall expire;

(3) That defendants herein are notified to Show Cause, if any, on or before Thursday, December 21, 2000, why this Temporary Restraining Order should not continue as a preliminary injunction pending final adjudication of this cause;

(4) That this Order is conditioned upon plaintiff posting a bond with the Clerk of the Court in the amount of Two Thousand ($2,000) Dollars by Friday, December 15, 2000, for the payment of such costs and damages as may be incurred or suffered by defendants if defendants are found to have been wrongfully enjoined or restrained

_____
Walter E. Black, Jr.
Senior Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BECTON, DICKINSON AND COMPANY   *

       Plaintiff,   *

v.   *   Civil Action No. JFM-00-3607

H. SCOTT LEFKO, et al.   *

       Defendants.   *

\*  \*  \*  \*  \*  \*  \*  \*  \*

## AFFIDAVIT OF GLENN McKIM

I, Glenn McKim, hereby depose as follows:

1. I am over 18 years of age and have personal knowledge of the facts stated herein.

2. I am employed as the Controller for BD Diagnostics Systems which is a division of Becton Dickinson and Company. I have held that position since January 1st, 2000.

3. I know Scott Lefko. Mr Lefko is a former employee of BD Diagnostics Systems.

4. In December of 1995, Mr. Lefko, who had been employed by Becton since 1990, was made responsible for entering into and administering contractors for outside vendors to provide food services at Becton's Maryland locations including the cafeterias and vending machines.

5. In the summer of 2000 while Mr. Lefko was away from work on a leave of absence, my Finance organization accepted the responsibility for the cafeteria function. During a meeting with Eurest Dining (cafeteria service), their representative stated that he had a monthly commission check to give to Becton and that he, each month, personally delivered the

commission check to Mr. Lefko. He informed me that each month he delivered a commission check to Mr. Lefko for vending machine sales that were payable to Becton pursuant to an agreement between the vending machine company and Becton.

6     Not knowing what account to apply the check, I telephoned Mr. Lefko and asked him what he had done with the commission checks paid by the vending machine company and he informed me that he sent them to corporate finance for credit. I checked with corporate finance and they informed me that no such payments had been received.

7.    In order to determine what happened to the checks previously given to Mr. Lefko, I then contacted the vending machine company and asked them to send me copies of the canceled checks. After examining the canceled checks, I called the bank which accepted the checks for deposit and it informed me that the account holder was not Becton.

8.    Suspicious that Mr. Lefko may have deposited those monies in his own account, I obtained Mr. Lefko's bank account number for his automatic payroll deposit. The account number that the vending machine commission checks were deposited matched the account number on Mr. Lefko's automatic payroll deposit.

9.    Based upon copies of canceled checks I received from the vending machine company that I was told were personally delivered to Mr Lefko between January of 1998 and May of 2000, Mr. Lefko deposited approximately $95,000 of commission checks payable to Becton in his own personal account.

10. I am personally acquainted with Mr. Lefko. I have socialized with him outside of work on many occasions. I know that Mr. Lefko is actively involved in a number of for-profit and not-for-profit organizations (e.g., Ducks Unlimited). Due to his involvement with those organizations and his own statements to me that he contributes to various organizations, I believe that he may dispose of the monies and/or assets he has misappropriated from Becton to outside sources if he is given advance notice of legal action taken against him for embezzlement.

I declare under penalty or perjury that the foregoing affidavit is true and correct.

Executed on this 13th day of December 2000.

*Glenn McKim*
Glenn McKim